UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| JOHN DOE | : CASE NO.: |
| and | : JUDGE: |
| TARA & CHRIS BLESSING<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, CHARLES B.<br>BLESSING | : PLAINTIFFS' COMPLAINT<br>: FOR CIVIL HARASSMENT,<br>: MENACING, THREATENING,<br>: AND INVASION OF PRIVACY,<br>: WITH JURY DEMAND<br>: ENDORSED HEREON |
| and | |
| JENNIFER & JOHN FOUST<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, AUSTIN FOUST | |
| and | |
| GINA & DANIEL FRIES<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, WILLIAM FRIES | |
| and | |
| SHANNON CRAIG AND ANTHONY W.<br>GARDNER, JR.<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, EVAN ANTHONY<br>GARDNER | |
| and | |
| LORI & MICHAEL GRAY<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, LIAM GRAY | |
| and | |
| SAUNDRA AND MICHAEL SMITH<br>PARENTS AND NATURAL GUARDIANS<br>OF THEIR MINOR SON, CHARLIE SMITH | |

and

ERIC CURK

and

ANDREW GIBSON

and

PATRICK KENNEDY

        **PLAINTIFFS**

vs.

KATHY GRIFFIN
11782 Southampton Court
Los Angeles, CA 90077
*Serve Via Certified Mail*

     **SERVE ALSO:**

*Pursuant to KRS §454.210(3)(b)(2)*
*Serve Two (2) Copies Via Certified Mail To*:

   Kentucky Secretary of State
   700 Capital Avenue
   Suite 86
   Frankfort, KY 40601

        **DEFENDANT**

## I. INTRODUCTION

1. In a malicious reaction to the now infamous incident at the Lincoln Memorial ("Lincoln Memorial incident") on January 18, 2019, Defendant Kathy Griffin acted in a hateful, concerted, and targeted doxing campaign conducted in the Commonwealth of Kentucky to harass, humiliate, and threaten the Plaintiffs; to intrude upon and violate their privacy; and, to

substantially assist, encourage, and act in concert with others to engage in such harmful conduct. Here is how Defendant Griffin did so.

## II. PARTIES

2. Plaintiffs are citizens of the Commonwealth of Kentucky and, at all material times, Plaintiffs were Covington Catholic High School ("CCH") minor students who were present at the Lincoln Memorial incident.

3. Defendant Griffin is a citizen of the state of California.

## III. JURISDICTION AND VENUE

4. Pursuant to 28 USC §1332(a)(1) and 29 USC §1391(b)(2), this Court has jurisdiction over this case, and venue is proper within this judicial district, because there exists complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees, and because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district.

## IV. THE LINCOLN MEMORIAL INCIDENT AND KATHY GRIFFIN'S RESPONSE

5. On January 18, 2019, following their participation in the annual March For Life event in Washington, D.C., the minor Plaintiffs were assembled at the Lincoln Memorial. During that time, an incident occurred among CCH students, including the Plaintiffs, and other visitors such as Nathan Phillips, a self-described Native American Elder.

6. Images of the Plaintiffs and the Lincoln Memorial incident were disseminated world-wide, including through media broadcasts and publications, social media interchanges, and other internet communications, igniting a profound and powerful controversy concerning the Lincoln Memorial incident and the Plaintiffs.

7. The Lincoln Memorial incident incited a hoard of reactive commentary, often consisting of vile, hateful, and noxious narrative and opinion.

8. Defendant Griffin engaged in a course of conduct which harassed, threatened, menaced, intimidated, alarmed, and seriously annoyed the Plaintiffs, and which served no legitimate purpose, including threatening to commit a crime likely to result in the Plaintiffs incurring serious physical injury or death, and including intentionally placing the Plaintiffs in reasonable apprehension of such imminent physical injury.

9. Material to this case, the practice of "doxing" is using the Internet to source out and collect an individual's personal and private information for the purpose of publicly releasing that information on line in order to harass, humiliate, or retaliate against the individual.

10. Kathy Griffin repeatedly engaged in such a doxing campaign against the Plaintiffs.

11. At 2:05 a.m. on January 20, 2019, Defendant Griffin reacted to the Lincoln Memorial incident tweeting - transmitting an electronic, written communication through an internet social media application - that her recipients should:

Name these kids. I want NAMES. Shame them. If you think these fuckers wouldn't dox you in a heartbeat, think again. (See Exhibit 1.)

12. Within 20 minutes, at 2:25 a.m., Defendant Griffin repeated her doxing call, sending another tweet requesting:

4

Names please. And stories from people who can identify them and vouch for their identity. Thank you. (See Exhibit 2.)

13. Defendant Griffin's conduct continued later at 6:14 a.m. when she tweeted that her recipients:

Should let this fine Catholic school [CCH] know how you feel about their students behavior toward the Vietnam veteran, Native American #NathanPhilips. (See Exhibit 3.)

14. The next day, at 7:38 a.m., Defendant Griffin reacted to a response that she had received to her earlier tweet by exulting that her communications had "triggered lots of verrrry threatened bros. Yummy. It's delicious." (See Exhibit 4.)

15. By its nature, Defendant Griffin's doxing campaign necessarily and foreseeably involved a concerted action between Defendant Griffin and her responding recipients resulting in the doxing/harassment of the Plaintiffs.

16. By its concerted nature, Defendant Griffin's doxing campaign via Twitter and social media was a targeted "call to action" in the Commonwealth of Kentucky for all recipients to engage in harmful criminal and civil behavior towards the Plaintiffs, including harassment, menacing, threatening, and the invasion of their privacy occurring in the Commonwealth of Kentucky.

17. Defendant Griffin's Twitter call for doxing the Plaintiffs in the Commonwealth of Kentucky foreseeably included and involved the exchange of information with her Twitter recipients with the intended purpose and effect of targeting and causing the above described harmful conduct in the Commonwealth of Kentucky against the Plaintiffs.

18. In her doxing campaign against the Plaintiffs, Defendant Griffin engaged in concerted action with all Twitter recipients/respondents to conduct the above described harmful conduct in the Commonwealth of Kentucky.

19. Defendant Griffin caused tortious injury by acts or omissions in the Commonwealth of Kentucky, and the Plaintiffs' claims arise from that conduct.

20. By virtue of her interactive internet and social media doxing activities, Defendant Griffin purposely availed herself of the privilege of acting to cause the tortious and harmful consequences described above in the Commonwealth of Kentucky.

21. Defendant Griffin acted intentionally, willfully, maliciously, recklessly, and negligently towards the Plaintiffs, thereby entitling Plaintiffs to punitive damages.

22. As a direct and proximate result of Defendant Griffin's wrongful conduct, the Plaintiffs incurred injuries, losses, and damages including being subject to death threats in the sanctity of their homes and school (CCH), and being subject to and incurring intimidation, harassment, annoyance, and alarm, including such injury to them in their future academic, business, career, and employment opportunities.

23. KRS 446.070 codifies the common law negligence per se doctrine and creates a private right of action under which a damaged party may sue for a violation of a statutory standard of care where (1) the statute in question is penal in nature and provides no inclusive civil remedy; (2) the party is within the class of persons the statute is intended to protect; and (3) the party's injury is of the type the statute is designed to prevent.

### COUNT 1
### (Civil Harassment – KRS §525.070 Harassment)

24. Plaintiffs adopt and reallege paragraphs 1 through 23 above.

25. Defendant Griffin engaged in Harassment in violation of KRS §525.070(1)(e) when, with intent to intimidate, harass, annoy, or alarm the Plaintiffs, she engaged in a course of

conduct or repeatedly committed acts which alarmed or seriously annoyed the Plaintiffs, and which served no legitimate purpose.

26. KRS §525.070 is penal in nature or provides no inclusive civil remedy.

27. The Plaintiffs are within the class of person that KRS §525.070(1)(e) is intended to protect.

28. The Plaintiffs' injuries are the type that KRS §525.070(1)(e) was designed to prevent.

29. As a direct and proximate result of Defendant Griffin's violation of KRS §525.070(1)(e), the Plaintiffs are entitled to recover compensatory and punitive damages for their injuries and losses, in an amount to be determined by the jury at trial.

### COUNT 2
### (Civil Harassing Communications – KRS §525.080 Harassing Communications)

30. Plaintiffs adopt and reallege paragraphs 1 through 29 above.

31. Defendant Griffin engaged in Harassing Communications in violation of KRS §525.080(1)(a) when, with intent to intimidate, harass, annoy, or alarm the Plaintiffs, she communicated with a person anonymously or otherwise, by telephone, telegraph, mail, or other form of electronic or written communication in a manner which caused annoyance or alarm, and served no purpose of legitimate communication.

32. KRS §525.080 is penal in nature or provides no inclusive civil remedy.

33. The Plaintiffs are within the class of person that KRS §525.080(1)(a) is intended to protect.

34. The Plaintiffs' injuries are the type that KRS §525.080(1)(a) was designed to prevent.

35. As a direct and proximate result of Defendant Griffin's violation of KRS §525.080(1)(a), the Plaintiffs are entitled to recover compensatory and punitive damages for their injuries and losses, in an amount to be determined by the jury at trial.

### COUNT 3
### (Civil Threatening – KRS §525.080 Threatening)

36. Plaintiffs adopt and reallege paragraphs 1 through 35 above.

37. Defendant Griffin engaged in Threatening in violation of KRS §525.080(1)(a) when she threatened to commit any crime likely to result in death or serious physical injury to the Plaintiffs or likely to result in substantial damage to their property interests.

38. KRS §525.080 is penal in nature or provides no inclusive civil remedy.

39. The Plaintiffs are within the class of person that KRS §525.080(1)(a) is intended to protect.

40. The Plaintiffs' injuries are the type that KRS §525.080(1)(a) was designed to prevent.

41. As a direct and proximate result of Defendant Griffin's violation of KRS §525.080(1)(a), the Plaintiffs are entitled to recover compensatory and punitive damages for their injuries and losses, in an amount to be determined by the jury at trial.

### COUNT 4
### (Civil Menacing – KRS §525.050 Menacing)

42. Plaintiffs adopt and reallege paragraphs 1 through 41 above.

43. Defendant Griffin engaged in Menacing in violation of KRS §525.050 when she intentionally placed the Plaintiffs in reasonable apprehension of imminent physical injury.

44. KRS §525.050 is penal in nature or provides no inclusive civil remedy.

45. The Plaintiffs are within the class of person that KRS §525.050 is intended to protect.

46. The Plaintiffs' injuries are the type that KRS §525.050 was designed to prevent.

47. As a direct and proximate result of Defendant Griffin's violation of KRS §525.050, the Plaintiffs are entitled to recover compensatory and punitive damages for their injuries and losses, in an amount to be determined by the jury at trial.

## COUNT 5
### (Invasion of Privacy)

48. Plaintiffs adopt and reallege paragraphs 1 through 47 above.

49. In her unlawful conduct, Defendant Griffin intentionally intruded upon the solitude or seclusion of the Plaintiffs in their private affairs or concerns, including within the privacy and sanctity of their homes and their school (CCH), in a manner that would be highly offensive to a reasonable person.

50. As a direct and proximate result of Defendant Griffin's wrongful conduct, the Plaintiffs have incurred injuries and damages for the harm to their privacy interests, and for mental distress resulting from such intrusions, in an amount of compensatory and punitive damages in an amount to be determined by the jury at trial.

WHEREFORE, Plaintiffs demand a judgment against Defendant Kathy Griffin for recovery of:

(1) Their compensatory and punitive damages in an amount to be determined at trial;

(2)     Recovery of their costs, expenses, and attorney fees, plus applicable prejudgment and post-judgment interest; and

(3)     Recovery of any and all of relief to which they may be entitled.

/s/ Kent W. Seifried
Kent W. Seifried, Esq.
Douglas B. Schloemer, Esq.
James R. Poston, Jr., Esq.
POSTON, SEIFRIED & SCHLOEMER
2039 Dixie Highway
Ft. Mitchell, Kentucky 41011
Telephone: (859) 431-3200
Facsimile: (859) 655-7765
Email: Kent@pss-law.net
       Doug@pss-law.net
       Jim@pss-law.net

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Kent W. Seifried
Kent W. Seifried