**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

CIVIL ACTION NO. 2:19-00126 (WOB-CJS)


JOHN DOE, ET AL.                                    **PLAINTIFFS**

VS.                   <u>**MEMORANDUM OPINION AND ORDER**</u>

KATHY GRIFFIN                                       **DEFENDANT**


    This matter is before the Court on plaintiffs' motion for reconsideration (Doc. 40), defendant's response thereto (Doc. 41), and plaintiffs' reply (Doc. 42). The Court has carefully reviewed this matter and concludes that oral argument is unnecessary. It therefore issues the following Memorandum Opinion and Order.

*Analysis*

A. <u>**Waiver**</u>

    Plaintiff first asserts that this Court failed to apply "controlling" precedent when it held that defendant did not waive her personal jurisdiction defense when her counsel filed a notice of appearance two weeks prior to filing the motion to dismiss.

    Plaintiff's assertion that *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011), controls on the question of waiver is not well taken. First, plaintiff's construction of *Gerber* was rejected by the Sixth Circuit in *King v. Taylor*, 694 F.3d 650, 660 n. 7 (6th Cir. 2012), in which the Court held that a general appearance by

defendant's counsel filed one month prior to filing a motion to dismiss for insufficient service of process did not constitute a forfeiture of that defense.

Second, plaintiffs' dogmatic distinction between "waiver" and forfeiture" is a red herring. In *King*, the Court used those terms interchangeably, as have more recent decisions. *See Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019). Indeed, in *Boulger*, the Court referred to what plaintiffs would presumably deem "forfeiture" as "waiver through conduct." *Id.*

Moreover, Rule 12 provides that a defendant must only raise any objection to personal jurisdiction in his or her first response to plaintiff's complaint, i.e., an answer or a pre-answer motion. An attorney's notice of appearance, of course, is neither. As this Court already noted, the Federal Rules of Civil Procedure abolished the distinction between general and special appearances. (Doc. 38 at 6 n. 1). A defendant thus need not enter a special appearance to assert a lack of personal jurisdiction; he or she must only comply with Rule 12. And defendant did so here.

Finally, lest there be any doubt, *Gerber* is also entirely factually distinguishable because the defendant there participated extensively in the litigation before raising a personal jurisdiction defense. As another Court has noted:

> While the *Gerber* court ultimately held that the "[d]efendants' filing of a general appearance with the district court constituted a voluntary

2

> acceptance of the district court's jurisdiction, and therefore, a waiver of [d]efendants' personal jurisdiction defense," *id.* at 520, this conclusion was made after consideration of the defendants' activity as a whole in the litigation which gave the plaintiff "a reasonable expectation that [the d]efendants will defend the suit on the merits...." *Id.* at 519.

*Best v. AT&T Inc.*, Case No. 1:12-cv-564, 2014 WL 12571407, at *4 (S.D. Ohio Sept. 16, 2014). *See also Visser v. Caribbean Cruise Lines, Inc.*, No. 1:13-cv-1029, 2014 WL 12921353, at *7 (W.D. Mich. April 4, 2014) (distinguishing *Gerber* based on the defendant's extensive participation in litigation and fact that the motion challenging personal jurisdiction was filed over a year and a half after counsel entered an appearance).

Here, of course, defendant filed her motion to dismiss two weeks after her counsel filed his notice of appearance, and defendant otherwise did nothing to lead plaintiffs or the Court to believe that such defense would not be asserted.

In sum, plaintiffs have provided no reason for the Court to alter its waiver ruling.

**B. "True Threat" Argument**

The Court first notes again that plaintiffs are relying solely on KRS 454.210(2)(a)(3) to establish personal jurisdiction over defendant, which requires an "act or omission *in this Commonwealth*." (emphasis added). Plaintiffs' motion for reconsideration repeats their theory that defendant's tweet from

California constitutes an "act" in Kentucky for purposes of the long-arm statute.

Plaintiffs lead with flawed logic. First, they state that the Kentucky legislature has passed criminal harassment, threatening and menacing statutes. (Doc. 40-1 at 4). True. They further assert that the legislature has provided a civil remedy for the violation of those statutes via KRS 446.070. Also true.

Plaintiffs then make this exponential leap: "Accordingly, Kentucky's long-arm statute authorizes a Kentucky Court to exercise personal jurisdiction over such a non-resident for claims arising from the non-resident's communications causing tortious injury by such communication acts in the Commonwealth." (*Id.*). This is not true.

First, the fact that a legislature has created a civil cause of action does not, *ipso facto*, answer the question of whether a defendant is subject to personal jurisdiction when sued for such a claim.

Second, even assuming defendant's tweets from California were legally cognizable "threats," which the Court doubts, they were not "communication acts" in Kentucky. In the long-arm statute, the Kentucky legislature specifically listed the acts or omissions that will support personal jurisdiction, and it did not include a provision for an out-of-state statement causing harm to a Kentucky citizen as one of those enumerated bases. And, it is clear from

4

other sections of the statute that if the legislature wished to include such a specific basis, it knew how to do so. *See* KRS 454.210(2)(a)(9) (providing personal jurisdiction where a defendant directs a telephone or charitable solicitation *into the Commonwealth*") (emphasis added).

And, the Supreme Court of Kentucky has made it clear that the long-arm statute is the first door through which every plaintiff must pass in order to show that the Court can exercise personal jurisdiction over a defendant. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (2011).

Next, plaintiffs insist that defendant's tweets violated the Kentucky criminal harassment statutes, stating "her acts are not protected *from prosecution* because her communication was spoken in California." (Doc. 40-1 at 8) (emphasis added). Again, this is a civil case. Whether defendant would be subject to criminal prosecution in Kentucky has no bearing on whether she is subject to personal jurisdiction in this matter.

Similarly, the criminal "true threat" cases cited by plaintiffs, all of which the Court has read carefully, have no bearing on the question of personal jurisdiction. (Doc. 40-1 at 5-8). These cases consider what types of "threats" fall within the ambit of certain federal criminal statutes, and one case concerns simply whether a defendant in a conspiracy drug case may be

5

prosecuted in the state which is the drugs' final destination. *United States v. Eliot*, 876 F.3d 855, 861 (6th Cir. 2017).

Plaintiffs cite no Kentucky authority to support their theory, and this Court cannot by judicial decision achieve a result that neither the Kentucky legislature nor Kentucky courts have permitted.

Finally, due process. The Court in its original opinion discussed the Supreme Court's holding in *Walden v. Fiore*, 571 U.S. 277 (2014), and its application here. Plaintiffs do not address *Walden*; rather, they now cite two Sixth Circuit cases to support their due process argument. (Doc. 40-1 at 10-11). But these cases do not alter the Court's analysis because in both cases the defendant challenging personal jurisdiction had specifically directed numerous intentional, fraudulent communications at the plaintiffs themselves in the forum state over considerable periods of time.

The facts here are qualitatively different. Defendant's tweets did not target Kentucky, and defendant did not avail herself of any benefit in or through Kentucky. In such situations, courts have rejected the notion that due process may be satisfied by tweets that are not specifically directed at a forum state. *See Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850, 863 (E.D. Mich. 2019) (declining to exercise personal jurisdiction over two defendants who tweeted about plaintiff, a Michigan resident;

6

noting that "[t]hese allegations were not about Michigan in particular but about Joel in particular—wherever he might have been living"); *Edwards v. Schwartz*, 378 F. Supp.3d 468, 494 (W.D. Va. 2019) (declining to exercise personal jurisdiction over defendants who posted about plaintiff on Twitter and other social media platforms, noting "[t]here is no factual matter in Edwards' pleadings suggesting that the authors of these communications took affirmative steps to direct these communications into Virginia or had any intent to target or focus on Virginia readers or otherwise avail themselves of the benefits and protections of the laws of Virginia"); *Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*, Civil Action No. GLR-16-2974, 2017 WL 2778825, at *10 (D. Md. June 26, 2017) ("Sending three tweets and four emails related to the Podcasts and the Articles over a period of a year and a half are not "so substantial that 'they amount to a surrogate' " for Smith and Walters's presence in Maryland").

Certainly, plaintiffs themselves, as Kentucky residents, have substantial connections in the forum.  But, as the Court of Appeals of Kentucky recently emphasized, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."  *H.E.B., LLC v. Jackson Walker, L.L.P.*, 587 S.W.3d 333, 342 (Ky. Ct. App. 2019) (quoting Walden v. Fiore, 571 U.S. 277, 291 (2014)).

7

Therefore, the Court affirms its holding that an exercise of personal jurisdiction in this matter would not comport with due process.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that plaintiffs' motion for reconsideration (Doc. 40) be, and is hereby, **DENIED.**

This 23rd day of June 2020.



Signed By:

_**William O. Bertelsman**_ WOB

**United States District Judge**